Lawrence Keith McNEIL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–03–00395–CR.

Court of Appeals of Texas,
Waco.

Aug. 17, 2005.

John A. Kuchera, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A jury convicted Lawrence Keith McNeil of one count of aggravated assault of a public servant and assessed 55 years in prison. The jury acquitted him of a second count of the same offense. McNeil appeals, asserting in two issues that he received ineffective assistance of counsel at his trial. We will affirm.

In his first issue, McNeil claims that his trial attorney was ineffective in failing to request a jury instruction on the lesser included offense of resisting arrest. In his second issue, he alleges that his trial attorney was ineffective in failing to object to the admission of evidence revealing McNeil's two prior convictions for indecency with a child and subsequent civil com-

mitment as a sexually violent predator.[1]

McNeil did not move for a new trial or request a post-verdict hearing on trial counsel's strategies or the reasons for the challenged conduct.

### Strickland v. Washington

The legal standard set out in *Strickland v. Washington* applies to McNeil's claim of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). To prevail on his claims, McNeil must first show that his counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *see Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Specifically, McNeil must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms. *Mitchell,* 68 S.W.3d at 642.

Second, McNeil must show that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064 ("This [prejudice prong] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."). As explained in *Mitchell,* "[t]his means that the appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been differ-

ent." *Mitchell,* 68 S.W.3d at 642. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Mitchell,* 68 S.W.3d at 642.

### Appellate Review of Ineffective Assistance Claims

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App.2001); *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim.App.2000). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *See Goodspeed v. State,* —— S.W.3d ——, ——, 2005 WL 766996 at *2 (Tex.Crim.App. April 6, 2005); *Mitchell,* 68 S.W.3d at 642.

Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: "[i]n the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Crim. App.1999) (to defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness"); *see also Johnson v. State,* 68

---

1. In his brief, McNeil, citing *Bone v. State,* acknowledges the presumption that trial counsel employed sound strategy cannot normally be overcome on direct appeal because the record will not contain evidence of the trial attorney's reasons for his conduct. *See Bone v. State,* 77 S.W.3d 828 (Tex.Crim.App. 2002). He states that he nonetheless seeks to comply with this Court's directive that all appellate arguments be made that might "conceivably" persuade the Court. *See Taulung v. State,* 979 S.W.2d 854, 856 (Tex.App.-Waco 1998, no pet.).

S.W.3d 644, 655 (Tex.Crim.App.2002) ("[t]he record does not reveal defense counsel's reasons for not objecting to the prosecutor's comments. Given the presumption of effectiveness and the great deference we give to decisions made by defense counsel, we see nothing in the present record that would compel us to find counsel ineffective."); *Mitchell*, 68 S.W.3d at 642 ("[g]enerally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard. The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.").

■ In the absence of evidence of trial counsel's reason for the challenged conduct, we assume a strategic reason for trial counsel's conduct, if one can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App.2001) ("an appellate court 'commonly will assume a strategic motivation if any can possibly be imagined,' and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.") (quoting 3 W. LAFAVE, ET AL., CRIMINAL PROCEDURE § 11.10(c) (2d ed.1999) and citing *Thompson*, 9 S.W.3d at 814). But, if nothing in the record reveals trial counsel's reason, it is improper for us to speculate on it. *See Thompson*, 9 S.W.3d at 814; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). "A reviewing court can frequently speculate on both sides of an issue, but ineffective assistance claims are not built on retrospective speculation; rather, they must 'be firmly founded in the record.'" *Avila v. State*, 2003 WL 21513440 at *10 (Tex.Crim.App. July 2, 2003) (not designated for publication) (quoting *Bone*, 77 S.W.3d at 833).

## Analysis

■ McNeil was acquitted of one of the two counts of aggravated assault of a public servant; we cannot say that his trial counsel's performance was so outrageous that no competent attorney would have engaged in it. Without a record that reveals the reasons for the challenged conduct of McNeil's trial counsel, we cannot speculate whether McNeil's trial counsel was ineffective.

## Conclusion

In this appeal, we have not decided that McNeil did or did not receive effective assistance of counsel at trial. *See Thompson*, 9 S.W.3d at 814 ("We are not deciding on this direct appeal, therefore, that appellant did or did not receive the effective assistance of counsel during trial."). Instead, without a record revealing trial counsel's strategy or motivation, McNeil has not defeated the strong presumption that his trial counsel's actions fell within the wide range of reasonable professional assistance. *See id.* Thus, we overrule McNeil's two issues without prejudice. *See Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App.2000) ("the proper procedure will be for the appellate court to overrule an appellant's Sixth Amendment claim without prejudice to appellant's ability to dispute counsel's effectiveness collaterally.").

The trial court's judgment is affirmed.

Chief Justice GRAY concurring.