IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00360-CR

 

Christopher Harold Robinson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F37673

 



MEMORANDUM  Opinion



 

Appellant Christopher Harold Robinson was charged by indictment with failure to register
as a sex offender.  The indictment alleged that he was required to register
because of a conviction for sexual assault of a child and that he failed to
register with the Johnson County Sheriff’s Office.  The jury returned a guilty
verdict, and Robinson was sentenced to nine years in prison.  He brings four
issues on appeal.




Sufficiency of the Evidence

      In his second issue, Robinson alleges that
the evidence was insufficient to establish that he had a duty to register with
the Johnson County Sheriff’s Department.

Standard of Review

When reviewing a challenge to the
legal sufficiency of the evidence, we must determine whether, after viewing all
the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979).  We do not resolve any conflict of fact or assign credibility
to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000); Matson, 819 S.W.2d at 843.

The
Court of Criminal  Appeals articulated the standard of review for a factual
sufficiency claim in Watson v. State, ___ S.W.3d. ___, ___ 2006 WL 2956272
(Tex. Crim. App. Oct. 18, 2006).

We, as the reviewing court, ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of
guilt is so weak or that conflicting evidence is so strong as to render the
jury's verdict clearly wrong and manifestly unjust.  Watson, ___ S.W.3d at
___, 2006 WL 2956272, at *8; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  AThe court reviews the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compares
it with the evidence that tends to disprove that fact.@  Johnson,
23 S.W.3d at 7 (quoting Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996)).  The appellate court Adoes not indulge
in inferences or confine its view to evidence favoring one side of the case. 
Rather, it looks at all the evidence on both sides and then makes a
predominantly intuitive judgment. . . .A  Id. (quoting William Powers and Jack Ratliff, Another Look at ANo Evidence@ and AInsufficient
Evidence,@ 69 Tex. L. Rev. 515, 519 (1991)).

The nature of a factual sufficiency review authorizes an appellate
court, although to a very limited degree, to act as the so-called “thirteenth
juror” to review the fact finder=s weighing of
the evidence and disagree with the fact finder=s
determination.  Watson, ___ S.W.3d at ___, 2006 WL 2956272, at *10 (citing
Tibbs v. Florida, 457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652
(1982), and Meraz v. State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990)).
 If an appellate court concludes that the evidence is factually insufficient,
however, it must clearly state why it has reached that conclusion.  Johnson,
23 S.W.3d at 7 (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

Legal Sufficiency Analysis

Robinson was charged by indictment
with failure to register as a sex offender.  Tex.
Code Crim. Proc. Ann. art. 62.102 (Vernon Supp. 2005).  A person
required to register as a sex offender must register with the local law
enforcement authority in any municipality where the person resides or intends
to reside for more than seven days.  Id. art. 62.051 (Vernon Supp.
2005).  If the person does not reside or intend to reside in a municipality,
the person shall register in any county where the person resides or intends to
reside for more than seven days.  Id.

At trial, Kimberly Wrenn, an
investigator with the Johnson County Sheriff’s Office, testified that she
received a phone call from Robinson on December 15, 2003.  He told her that he
had recently moved back to Johnson County from Arizona, had lived in Lillian, a
rural area of Johnson County, for a couple of days, and needed to register. 
Wrenn advised Robinson that he was not in compliance with the registration
requirements because he had failed to register in Arizona and that he needed to
come to her office within ten days with an updated driver’s license.  Wrenn did
not have any further contact with Robinson until August 17, 2004.  At that
time, he was living in the city of Keene and would have been required to
register with the Keene Police Department.

June O’Neal and Vicki Moore are
employed by the Johnson County Sheriff’s Office and assist Wrenn with sex
offender registrations.  Both testified that they never had any contact with
Robinson.  Dana Wilson of the Texas Department of Criminal Justice testified
that she informed Robinson of the registration requirements and had him sign a
Pre-Release Notification form indicating that he understood his obligation to
register before he was released from prison.  She testified that she instructed
him to initially register in Jefferson County because he was released to a
half-way house in Beaumont and then informed him that he would be required to
register within seven days of leaving Beaumont.

Emily Blackstock, Robinson’s fiancée,
testified that he returned to Texas in December 2003 and they moved to Keene.  However, she admitted that before they moved to Keene, Robinson stayed with his family
in Lillian and he did not change his address to Keene until January 26, 2004.

In viewing all the evidence, we cannot
say that a rational trier of fact could not have found guilt beyond a
reasonable doubt or that the jury was not rationally justified in finding
guilt.  Robinson expressed his intent to reside in Johnson County on December 15, 2003 when he contacted Wrenn and asked about registering.  The evidence
established that he lived in Lillian for some time before he moved to Keene and he didn’t change his address until over a month after he first contacted Wrenn. 
Further, both Wilson and Wrenn testified that they informed Robinson of his
obligation to register.  In viewing the evidence in the light most favorable to
the verdict, we find that the evidence is legally sufficient to support the
conviction.

Factual Sufficiency Analysis

Considering all of the evidence in a
neutral light, we find that the jury was justified in finding Robinson guilty. 
Watson, 2006 WL 2956272, at *8.  The record shows that Robinson lived in
Lillian before moving to Keene with his fiancée.  Robinson was informed of the
registration requirements and was told to register with Johnson County within ten days of December 15, 2003.  However, he failed to register.  We find that the
evidence was factually sufficient, and we overrule Robinson’s second issue.




Voir Dire

      In his first issue, Robinson argues that
remarks made by prospective jurors during voir dire were egregious and
reasonably calculated to prejudice other members of the jury panel.

      Defense counsel questioned the prospective
jurors concerning their ability to be fair and impartial considering the nature
of the offense.  Several responded that they could be fair and would not
consider Robinson’s prior conviction; others admitted they could not be
impartial.  Robinson challenges comments made by several prospective jurors,
including the following:

            Defense
Counsel:     Mr. Jolly, what about you?

 

Mr. Jolly:                    I don’t know.  He
broke the law in my estimation when he didn’t sign up.

 

Defense Counsel:     He broke the law?

 

Mr. Jolly:                    Your client.

 

Defense Counsel:     How do you know that?

 

Mr. Jolly:                    Because he was
already convicted of a prior offense and during that conviction part of that
release is that he signs up with the police department and since she (sic)
didn’t sign, he broke the law.

 

Defense Counsel:     Well, you understand that as
Mr. Robinson sits here right now he is innocent.  Do you understand that?

 

Mr. Jolly:                    No, I don’t.

 

Defense Counsel:     You think he is guilty right
now?

 

Mr. Jolly:                    I think he’s guilty
because he didn’t sign.  If he wanted to come to court, he could’ve signed and
then come to court.

 

Defense Counsel:     Does anybody else–Let me–if
you don’t feel that way raise your hand.

 

Mr. Burke:                 Let me say something here. 
So far all you’ve done is talk about his rights.  Okay.  Now, I don’t know what
the background is in this.  I don’t know what he did, but what about the rights
of that little individual girl?  See, that’s where I want to come in right
there and get ahold of him and just bust him one.  Because I have two grandkids
…. They always talk about the crook’s rights and that irritates me to the gall.

 

      At that time, defense counsel approached the
bench and stated:  “Judge, this is exactly what I’m talking about, the facts of
the prior case and allegations against him.  I don’t believe I—especially after
that speech … I’m not sure anybody here can give my client a fair trial from
this panel right here.”  The trial court indicated that its previous ruling on
Robinson’s motion in limine allowing the parties to mention the underlying
conviction for sexual assault still stood.  Defense counsel continued to
question Mr. Burke and asked if he could be fair to Robinson.  He replied:

Mr. Burke:                 It would be hard to
because I would be thinking about the kid or the little girl or the little boy,
whatever.  What kind of future do they have now?  It’s hard to go to sleep at
night and all this.  And then you’re telling me about he should’ve reported. 
Yes, he should’ve reported.  That’s just like coming here this morning.  0900
hours you’re supposed to report here 0900 hours.  That‘s what I did.  That’s
the law.  Somebody told him to report when he moved here, yes, he should have.

 

      Defense counsel continued a similar line of
questioning with the rest of the panel and found five others who indicated they
could not be fair to Robinson.  He successfully challenged each of these
prospective jurors.  The remainder of the panel stated they could give Robinson
a fair and impartial trial.

The Court of Criminal Appeals has held
that a defendant should object to a venire member’s allegedly prejudicial
comments and move the trial court for a curative instruction.  Young v.
State, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004).  Robinson’s discussion
with the court indicates that he was challenging its ruling on the motion in
limine and not specifically objecting to the comments of the prospective
jurors.  Further, following the meeting at the bench, Robinson’s trial counsel
continued the line of questioning with Mr. Burke and other prospective jurors
and elicited similar responses.  He did not object to the additional comments
made by Mr. Burke or other venire members.  Accordingly, he did not preserve
this issue for review.  Regardless, Robinson cannot invite a prejudicial
comment from a prospective juror and then rely on that comment on appeal.  See
Russell v. State, 146 S.W.3d 705, 716 (Tex. App.—Texarkana 2004, no pet.). 
We overrule Robinson’s first issue.

Effective Assistance of
Counsel

Robinson contends in his fourth issue
that he received ineffective assistance of counsel because trial counsel failed
to object to the comments made by potential jurors during voir dire.

      To prevail on an ineffective assistance
claim, the familiar Strickland v. Washington test must be met.  Wiggins
v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003)
(citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,
2064, 80 L.Ed.2d 674 (1984)).  Under Strickland, an ineffective
assistance claim will be sustained if it is determined that:  (1) counsel’s
performance was deficient, and (2) the defense was prejudiced by counsel’s
deficient performance.  Wiggins, 539 U.S. at 521, 123 S.Ct. at 2535; Strickland,
466 U.S. at 687, 104 S.Ct. at 2064.  This
means that the appellant must show a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
A “reasonable probability” is one sufficient to undermine confidence in the
outcome.  Id.

      We
begin with a “strong presumption” that counsel provided reasonably professional
assistance, and an appellant bears the burden of overcoming this
presumption.  Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is insufficient to satisfy
this burden.  Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004).  “[I]n the majority of cases, the record on direct appeal is
simply undeveloped and cannot adequately reflect the failings of trial
counsel.”  Id. (quoting Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002)).

      In the absence of evidence of trial
counsel’s reason for the challenged conduct, we assume a strategic reason for
trial counsel’s conduct, if one can be imagined.  McNeil v. State, 174
S.W.3d 758, 760 (Tex. App.—Waco 2005, no pet.) (citing Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  But, if nothing in the record
reveals trial counsel’s reason, it is improper for us to speculate on it.  See
Thompson, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Robinson’s trial counsel did not
object to the comments made by prospective jurors however he did challenge those who allegedly made prejudicial comments, to ensure
they were stricken for cause. 
We assume that defense counsel had a strategic reason for failing to object
during voir dire.  We overrule the fourth issue.

Due Process

In his third issue, Robinson argues
that his due process rights were violated because there was no evidence that he
had a duty to register as a sex offender with the Johnson County Sheriff’s
Department.  Having determined that the evidence was legally sufficient to
support the conviction, we find that Robinson’s due process rights were not
violated.  Accordingly, we overrule his third issue.

Conclusion

The judgment of the trial court is
affirmed.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray concurs in the judgment affirming Robinson’s conviction and
sentence but does not join this opinion.  No separate concurring opinion will
be issued.)

Affirmed

Opinion
delivered and filed November 29, 2006

Do
not publish

[CR25]