IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00254-CR

 

Lloyd Dean Clayton,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-1581-C

 



MEMORANDUM  Opinion



 








            A jury convicted Lloyd Dean Clayton of
felony driving while intoxicated and sentenced him to life in prison.  Clayton
presents three issues on appeal: (1) the State injected false information into
the punishment proceedings; (2) the State engaged in improper jury argument;
and (3) trial counsel rendered ineffective assistance.  We affirm.

 

 

FALSE INFORMATION

            In his first issue, Clayton argues
that the State violated due process by presenting false information regarding his
prior murder conviction.

            During the punishment phase, the State
presented evidence of Clayton’s prior criminal offenses, including a 1982 murder
conviction.  On cross-examination, the State asked Clayton’s community
supervision officer about the conviction:

STATE:  Were you aware that his murder case was
originally a capital murder case and that he actually plead to life?

 

WITNESS:  No, I was not.                                                                             

 

Clayton contends
that his murder case was not for capital murder; thus, the assertion
that he committed capital murder was “outside the record” and the State
presented the jury with false information.  Because Clayton did not object to
the State’s question, the State argues that Clayton has failed to preserve this
issue for appellate review.  Clayton acknowledges his failure to object, but
urges that his complaint affects the “public interest in an accused being
accorded due process of law” and so constitutes fundamental error that may be
raised for the first time on appeal.[1]  We
disagree.

The Court of Criminal Appeals has identified three
categories of fundamental
error: (1) the denial of absolute, systemic requirements, (2) the
violation of rights which are waivable only, and (3) errors recognized by the
legislature as fundamental.  See Saldano
v. State, 70
S.W.3d 873, 887-88 (Tex. Crim. App. 2002) (citing Marin
v. State, 851
S.W.2d 275, 279 (Tex. Crim. App. 1993)).  In Saldano, the
Court enumerated the following “fundamental errors:” (1) absence of jurisdiction over the
person of the defendant; (2) absence of subject-matter jurisdiction; (3)
prosecution under an ex post facto law; (4) denial of the right to
counsel; (5) denial of the right to a jury trial; (6) denial of 10 days'
preparation before trial for appointed counsel; (7) holding trials at a
location other than the county seat; (8) comments by a trial judge which
taint the presumption of innocence; and (9) jury charge errors resulting in
egregious harm.  See Saldano, 70 S.W.3d at 887-89.

Clayton’s complaint does not fall
within any of these categories.  Moreover, Texas courts have held
that a defendant must object to the State’s use of allegedly false evidence to
preserve the complaint for appeal.  See Haliburton
v. State, 80
S.W.3d 309, 315 (Tex. App.—Fort Worth 2002, no pet.); see also De Los Santos v. State, No.
04-05-00459-CR2006, Tex. App. Lexis
7185, at *16-17 (Tex. App.—San Antonio Aug. 16, 2006, no pet.) (not designated
for publication); Villarreal v. State, No. 04-02-00886-CR, 2005 Tex. App. Lexis 9781, at *2-3 (Tex. App.—San Antonio Nov. 23,
2005, no pet.) (not designated for publication)  (failure to object
to allegedly false testimony did not preserve due process complaint); Rodriguez
v. State, No. 01-05-00032-CR, 2006 Tex. App. Lexis 2007, at *19-24 (Tex. App.—Houston [1st Dist.] Mar. 16, 2006, pet. ref’d) (not designated for publication) (failure
to object to State’s questions “that
implied the existence of a factual predicate that the prosecutor either knew or
should have known was false” did not preserve due process complaint).  Accordingly, Clayton has failed to preserve his
complaint for appellate review.  We overrule his first issue.

IMPROPER JURY ARGUMENT

            In Clayton’s second issue, he contends
that the State engaged in improper jury argument by presenting false evidence
of Clayton’s prior murder conviction.  During closing argument at the
punishment phase, the State argued that:

Then he commits the murder offense.  And I want
you to look at this paperwork, if you will.  He plead to life because it was a
capital case.  So this is break number one.  He could have been put on trial
and had to face the death penalty but he took the plea and he took a life
sentence instead.  

 

Clayton did not object to the State’s argument.  

            “[A] defendant’s failure to object to
a jury argument or a defendant’s failure to pursue to an adverse ruling his
objection to a jury argument forfeits his right to complain about the argument
on appeal.”  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see
Threadgill v. State, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); see
also Godsey v. State, 989 S.W.2d 482, 496 (Tex. App.—Waco 1999, pet.
ref’d).  Improper jury
argument may not be raised for the first time on appeal.  See Cockrell,
933 S.W.2d at 89; see also Threadgill, 146 S.W.3d at 670-71; Moreno
v. State, 195 S.W.3d 321, 329 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d).  We overrule Clayton’s second
issue.

                                                   INEFFECTIVE
ASSISTANCE

Clayton contends, in his third issue, that his
trial counsel rendered ineffective assistance by failing to object to the
State’s use of allegedly false testimony.[2]

To prove ineffective assistance, an appellant must show that:
(1) counsel’s performance was deficient; and (2) the defense was prejudiced by
counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  There is “a strong presumption that counsel’s conduct
fell within a wide range of reasonable representation.”  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  “[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

              Clayton did not file a motion for new trial
alleging ineffective assistance.  The record is silent as to trial counsel’s reasons
for not objecting to the State’s question or the State’s closing argument.  It
is possible that trial counsel did not object in order to avoid drawing further
attention to the murder conviction.  See Oliva
v. State, 942 S.W.2d 727, 733 (Tex. App.—Houston [14th Dist.] 1997)
(failure to object
to State’s alleged mischaracterization of prior conviction may have been trial
strategy to avoid
overemphasizing prior
conviction), pet. dism'd improvidently granted, 991 S.W.2d
803 (Tex. Crim. App. 1998); see also Cravens v. State, No. 2-04-448-CR2006, Tex. App. Lexis 1885, at *19-20 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (not designated for publication).  However, we are not permitted to speculate as
to trial counsel’s reasons for failing to object.  See McNeil v. State, 174 S.W.3d 758, 760 (Tex. App.—Waco 2005, no pet.); see
also Bone, 77
S.W.3d at 835; Thompson,
9 S.W.3d at 814.

Absent a record revealing trial counsel’s strategy
or motivation, Clayton has not defeated the strong presumption that trial
counsel’s actions fell within the wide range of reasonable professional
assistance.  See McNeil, 174 S.W.3d at 760 (citing Thompson, 9 S.W.3d at 814).  Because Clayton’s
ineffective assistance claim is better raised through an application for a writ
of habeas corpus, we overrule his third issue.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30.

Having overruled Clayton three issues, we affirm the
trial court’s judgment.     

 

                  

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna                  

(Chief Justice Gray concurs in the Court’s
judgment which affirms the trial court’s judgment without a separate opinion,
but does not join the Court’s opinion)

Affirmed

Opinion delivered and
filed October 3, 2007

Do not publish

[CRPM]

 

 









[1]
          Fundamental error is that which
“directly and adversely affects the interest of the public generally, as such
interest is declared in statutes or the constitution of the State.”  G.A.O. v. State, 854 S.W.2d 710, 715 (Tex. App.—San Antonio 1993, no writ).  Deliberate presentation of false evidence by the State violates due process.
 See Giglio
v. United States,
405 U.S. 150, 153, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972); see
also Napue
v. Illinois, 360
U.S. 264, 269, 79 S. Ct. 1173, 1177, 3 L. Ed. 2d 1217 (1959).





[2]               Clayton’s argument appears to be premised on the idea
that trial counsel failed to adequately investigate Clayton’s prior criminal
history; otherwise, trial counsel would have recognized that the conviction was
not for capital murder and so would have objected.