IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00335-CR

 

John Dee Gill, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-995-C

 



MEMORANDUM  Opinion



 








            A jury convicted John Dee Gill, Jr. of
possession of cocaine with intent to deliver and sentenced him to forty years
in prison.  On appeal, Gill argues that: (1) the trial court erred by not sua
sponte including a limiting instruction on extraneous offenses in the
guilt-innocence charge; and (2) trial counsel rendered ineffective assistance. 
We affirm.

 

 

 

 

LIMITING INSTRUCTION ON EXTRANEOUS OFFENSES 

 

          In
his first issue, Gill argues that the trial court had a sua sponte duty
to include a limiting instruction on extraneous offense evidence in the guilt-innocence
charge.

The Court of Criminal Appeals
recently rejected the position that a trial court has a sua sponte duty
to include a limiting instruction on extraneous offenses:

[A] limiting instruction concerning the use of
extraneous offense evidence should be requested, and given, in the guilt-stage
jury charge only if the defendant requested a limiting instruction at the time
the evidence was first admitted. When the defendant has properly
 requested a limiting instruction in the jury charge, the trial court must
also include an instruction on the State’s burden of proof at that time.

 

Delgado v. State, No. PD-0203-07, 2007 Tex. Crim. App. Lexis 1235, at *16-17 (Tex. Crim. App. Sept. 26, 2007).

            Gill did not object to the complained of
evidence, request a limiting instruction when the evidence was offered, or request
a limiting instruction in the jury charge.  Accordingly, even if a limiting
instruction would have been proper, the trial court did not err by failing to
include a limiting instruction in the guilt-innocence charge.  See id.
at *27.  We overrule Gill’s first issue.

INEFFECTIVE ASSISTANCE

In his second issue, Gill argues that his trial
counsel rendered ineffective assistance by failing to request a limiting
instruction on extraneous offenses.

To prove ineffective assistance, an appellant must show that:
(1) counsel’s performance was deficient; and (2) the defense was prejudiced by
counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  There is “a strong presumption that counsel’s conduct
fell within a wide range of reasonable representation.”  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  “[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

              Gill did not file a motion for new
trial alleging ineffective assistance.  The record is silent as to trial
counsel’s reasons for not requesting a limiting instruction.  It is possible
that trial counsel did not request a limiting instruction in order to avoid
drawing further attention to the extraneous offense evidence.  See Rodriguez v. State, 974 S.W.2d 364, 372 (Tex. App.—Amarillo 1998,
pet. ref’d) (counsel may have chosen
not to request a limiting instruction “because he did not want to bring further
attention to the evidence”); see also Ryan v. State, 937
S.W.2d 93, 104 (Tex. App.—Beaumont 1996, pet. ref’d) (failure to request
limiting instruction may have been “trial
strategy” to avoid “draw[ing] further attention to the extraneous offenses”).  However, we
are not permitted to speculate as to trial counsel’s reasons for failing to request
a limiting instruction on extraneous offenses.  See McNeil v. State, 174 S.W.3d 758, 760 (Tex. App.—Waco 2005, no pet.); see
also Bone, 77
S.W.3d at 835; Thompson,
9 S.W.3d at 814.

              Absent a record revealing trial
counsel’s strategy or motivation, Gill has not defeated the strong presumption
that trial counsel’s actions fell within the wide range of reasonable
professional assistance.  See McNeil, 174 S.W.3d at 760 (citing Thompson, 9 S.W.3d at 814).  Because Gill’s
ineffective assistance claim is better raised through an application for a writ
of habeas corpus, we overrule his second issue.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30.

Having overruled Gill’s two issues, we affirm the
trial court’s judgment.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurs in the judgment with a
note.  “Contrary to the last, and unnecessary, sentence in the opinion, we are
not overruling the issue because an ineffective assistance of counsel claim is
better raised through an application for writ of habeas corpus.  That sentence
is the majority’s effort to tell the defendant what to do next.  We are
overruling the issue because the defendant has met neither prong necessary to
sustain an ineffective assistance of counsel point of error.”)

Affirmed

Opinion delivered and
filed November 28, 2007

Do not publish

[CRPM]