

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00043-CR

**OBINNA MICHAEL AMUNEKE,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 06-02146-CRF-272**

## MEMORANDUM OPINION

After an open plea of guilty to a lesser-included offense of second-degree aggravated assault with a deadly weapon and a bench punishment hearing, Appellant Obinna Amuneke received a two-year prison sentence. He appeals, raising two issues of ineffective assistance of counsel. We will affirm.

In his first issue, Amuneke complains that his trial counsel was ineffective in failing to inform him of a prior plea-bargain offer that included deferred adjudication probation (community supervision). *See Ex parte Lemke,* 13 S.W.3d 791, 796 (Tex. Crim.

App. 2000). Amuneke moved for a new trial on that complaint, which the trial court denied.

We first must address whether Amuneke waived this issue by, in connection with his open guilty plea, agreeing to waive his right to appeal all matters except for issues raised during punishment. In exchange, the State agreed to waive count one (first-degree aggravated robbery) and to let Amuneke plead guilty to count two, the lesser-included offense of second-degree aggravated assault with a deadly weapon, with no cap on punishment.

We addressed this same question in the appeal of Amuneke's co-defendant. *See Akuchie v. State,* No. 10-09-00002-CR, 2010 WL 965959, at *1 (Tex. App.—Waco Mar. 10, 2010, pet. ref'd).

> Waiver of all nonjurisdictional defects that occurred before a guilty plea entered without the benefit of an agreed sentencing recommendation, other than the voluntariness of the plea, occurs when the judgment of guilt was rendered independent of, and is not supported by, the claimed error. *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). Akuchie does not contend that his plea was involuntary on this basis. We must then determine whether there is a direct nexus between the alleged ineffective assistance of counsel and Akuchie's plea of guilty.[1]
>
> A claim of ineffective assistance may or may not have a direct nexus with a defendant's guilt or innocence. *Martinez v. State*, 109 S.W.3d 800, 803 (Tex. App.—Corpus Christi 2003, no pet.). Here, there is no

---

[1] There must usually be a nexus—temporal or otherwise—between the error and the judgment of guilt. *Sanchez v. State,* 98 S.W.3d 349, 353 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). … Allegations of ineffective assistance of counsel may or may not have a direct nexus with a defendant's plea of guilty. *Martinez v. State,* 109 S.W.3d 800, 803 (Tex. App.—Corpus Christi 2003, pet. ref'd). … A judgment of guilt is rendered independently of the alleged error when the alleged grounds of ineffective assistance of counsel are not related to the plea of guilty. *See id.;* …

*Guidry v. State,* 177 S.W.3d 90, 93 (Tex. App.—Houston [1st Dist.] 2005, no pet.). *But see Champion v. State,* 126 S.W.3d 686, 691 (Tex. App.—Amarillo 2004, pet. ref'd).

evidence that Akuchie would have pleaded not guilty had it not been for his counsel's alleged ineffectiveness in not conveying a plea bargain offer.[2] Therefore, we find that, regarding the allegation of ineffective assistance of counsel for any failure to convey a plea bargain offer, the judgment of guilt rendered by the trial court was rendered independent of, and is not supported by, the alleged ineffective assistance of counsel. *See Young*, 8 S.W.3d at 666-67. As such, by pleading guilty without an agreed punishment recommendation, Akuchie has waived any complaint of ineffective assistance regarding his trial counsel's failure to convey the State's offer of a plea bargain to him for purposes of this direct appeal. *See Martinez*, 109 S.W.3d at 803.

*Id.*

Amuneke has not asserted nor shown a direct nexus between his guilty plea and his trial counsel's alleged ineffectiveness in failing to inform him of the prior plea-bargain offer. Accordingly, he has waived this issue. *See id.* (citing *Martinez*, 109 S.W.3d at 803).

Amuneke additionally contends that his guilty plea was not voluntary—it was not knowing and intelligent—because of trial counsel's alleged ineffectiveness in failing to inform Amuneke of the prior plea-bargain offer. While this appears to be a restatement of the issue that we have just held was waived, we will address it. *See, e.g., Arreola v. State*, 207 S.W.3d 387, 390-93 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (addressing claim that guilty plea was involuntary because of alleged ineffective

---

[2] Amuneke contends that we should not apply the direct-nexus test because his factual scenario does not involve his otherwise pleading not guilty and insisting on going to trial. Citing *Ex parte Wolf*, Amuneke argues that he should not have to show that he would have pleaded not guilty and insisted on a trial. *See Ex parte Wolf*, 296 S.W.3d 160, 170 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) ("When the applicant alleges prejudice based on the loss of an opportunity to plead "guilty" on a different basis than he did, it makes sense not to require proof that the applicant would have insisted on going to trial. Under the circumstances of this case, Wolf was not required to prove that he would have insisted on going to trial.") (citations omitted) (citing *Lemke*, 13 S.W.3d at 795-98). Nevertheless, we are still persuaded that we should require Amuneke to link his guilty plea with his trial counsel's alleged ineffective assistance.

assistance of counsel in the form of erroneous advice that induced defendant to plead guilty); *Paz v. State,* 28 S.W.3d 674, 675 (Tex. App.—Corpus Christi 2000, no pet.) (same).

> When the record indicates that the trial court duly admonished the defendant, this presents a prima facie showing that defendant's plea was voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd). Defendants who previously admitted their pleas were voluntarily and knowingly made carry a heavy burden on appeal to prove otherwise. *Labib v. State*, 239 S.W.3d 322, 332 (Tex. App—Houston [1st Dist.] 2007, no pet.); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.).

*Akuchie,* 2010 WL 965959, at *2.

The record shows that the trial court duly admonished Amuneke in the plea hearing, but Amuneke argues that his guilty plea was involuntary because he did not know at that time that his trial counsel had failed to communicate the prior plea-bargain offer. To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, we must determine: (1) whether counsel's performance was deficient, and if so, (2) whether the defense was prejudiced by counsel's deficient performance. *Wiggins,* 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews,* 159 S.W.3d at 101.

At the hearing on Amuneke's motion for new trial, the prosecutor testified that on April 28, 2008, three years after the charged offense occurred, he spoke with trial counsel for Amuneke and Akuchie before a hearing on the State's motion for joinder.

He told them that he would offer either Amuneke or his co-defendant Akuchie deferred adjudication if one would plead guilty and testify truthfully against the other and against the third co-defendant (Amuneke's brother). The offer was available to the first one to accept it. Defense counsel were upset that there was no misdemeanor offer, and both indicated their clients would not accept anything other than misdemeanor pleas. After the hearing, the prosecutor asked them if either wanted to cooperate, and neither responded.

Amuneke testified that his trial counsel did not inform him of the prosecutor's plea-bargain offer, and if he had done so, Amuneke would have accepted it. Amuneke's trial counsel did not testify at the hearing, but his affidavit, filed as an exhibit, states that he was never made aware of a plea offer "involving any form of a probated sentence," and thus he would not have informed Amuneke of any such offer.

The trial court issued findings of fact and conclusions of law on Amuneke's motion for new trial, and it found that Amuneke's trial counsel did not communicate to Amuneke the April 28, 2008 plea-bargain offer. It is settled law that a lawyer's failure to inform his client of a plea offer is an omission that falls below an objective standard of reasonableness. *Lemke,* 13 S.W.3d at 795 (citing *Ex parte Wilson,* 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987)). Amuneke thus shows deficient performance, the first prong of *Strickland.* He must also show prejudice, which means he must show that he would have accepted the plea offer and the result of the proceeding would have been different. *See Wilson,* 724 S.W.2d at 74-75 & n.1 (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068).

The trial court made a finding that Amuneke's testimony that he would have

accepted the offer is not credible because: (1) Amuneke was seeking a misdemeanor offer; (2) the offer was made three years after the offense, and the defense strategy of Amuneke and Akuchie (per the testimony of Amuneke's brother's trial counsel) was to not cooperate with the State on the belief that, because so much time had passed, the State's witnesses would not show for trial and the State would have to make a misdemeanor offer; and (3) Amuneke would not have testified against his brother or Akuchie, who also sought a misdemeanor offer, as Amuneke and Akuchie were both seeking doctorate degrees, and a felony would destroy those chances.[3] Moreover, both Amuneke and Akuchie testified at the joint hearing on each of their motions for new trial that each would have accepted the plea-bargain offer involving deferred adjudication. The State points out that no agreement could have been reached because the offer was open to only the first to accept it, both could not have accepted it, and there thus could not have been a plea-bargain agreement.

The trial court's findings are supported by the record, and we agree that Amuneke cannot show prejudice from his trial counsel's failure to inform him of the plea offer. Because Amuneke cannot establish a claim for ineffective assistance of counsel, he cannot show that his guilty plea was involuntary. We overrule issue one.

In his second issue, Amuneke claims that his trial counsel was ineffective in the

---

[3] We reject Amuneke's contention that Texas law requires a court to accept "at face value" a defendant's claim that he would have accepted an unconveyed plea-bargain offer. Amuneke cites no case directly stating this proposition, and the cases he does cite simply involve trial-court findings, supported by the record, that the defendant would have accepted the offer. *See Lemke*, 13 S.W.3d at 796; *State v. Williams*, 83 S.W.3d 371, 376 (Tex. App.—Corpus Christi 2002, no pet.) ("We hold that the trial court did not abuse its discretion in accepting Appellee's assertion that he would have taken the offer if it had been explained to him.").

punishment phase by asking allegedly harassing questions of the victim that annoyed the trial court.

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. *See Goodspeed v. State,* [187 S.W.3d 390, 392 (Tex. Crim. App. 2005)]; *Mitchell,* 68 S.W.3d at 642.

Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: "[i]n the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999) (to defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness"); *see also Johnson v. State,* 68 S.W.3d 644, 655 (Tex. Crim. App. 2002) ("[t]he record does not reveal defense counsel's reasons for not objecting to the prosecutor's comments. Given the presumption of effectiveness and the great deference we give to decisions made by defense counsel, we see nothing in the present record that would compel us to find counsel ineffective."); *Mitchell,* 68 S.W.3d at 642 ("[g]enerally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard. The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.").

In the absence of evidence of trial counsel's reason for the challenged conduct, we assume a strategic reason for trial counsel's conduct, if one can be imagined. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("an appellate court 'commonly will assume a strategic motivation if any can possibly be imagined,' and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.") (quoting 3 W. LAFAVE, ET AL., CRIMINAL PROCEDURE § 11.10(c) (2d ed.

1999) and citing *Thompson*, 9 S.W.3d at 814). But, if nothing in the record reveals trial counsel's reason, it is improper for us to speculate on it. *See Thompson*, 9 S.W.3d at 814; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "A reviewing court can frequently speculate on both sides of an issue, but ineffective assistance claims are not built on retrospective speculation; rather, they must 'be firmly founded in the record.'" *Avila v. State*, 2003 WL 21513440 at *10 (Tex. Crim. App. July 1, 2003) (not designated for publication) (quoting *Bone*, 77 S.W.3d at 833).

*McNeil v. State*, 174 S.W.3d 758, 759-60 (Tex. App.—Waco 2005, no pet.)

Amuneke's trial counsel did not testify at the hearing on his motion for new trial. We agree with the State that most of trial counsel's questions could be construed as an attempt to mitigate Amuneke's involvement in the offense, so we thus assume a strategic reason for trial counsel's conduct. *See Garcia*, 57 S.W.3d at 440. Without a record revealing trial counsel's strategy or motivation, Amuneke has not defeated the strong presumption that his trial counsel's actions fell within the wide range of reasonable professional assistance. *See McNeil*, 174 S.W.3d at 760. Issue two is overruled, and having overruled both issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 23, 2011
Do not publish
[CR25]