**Ex parte Manuel Escarcega**
**FLORENTINO,**
**Applicant.**

**No. AP–75498.**

Court of Criminal Appeals of Texas.

Sept. 13, 2006.

Manuel E. Florentino, pro se.

John L. Davis, Assistant District Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

### OPINION

PER CURIAM.

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young,* 418 S.W.2d 824, 826 (Tex.Crim.App.1967). Applicant was convicted of aggravated assault (5 counts) and sentenced to 40 years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Florentino v. State,* No. 08–96–000407–CR (Tex.App.-El Paso 1998, no pet.).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely advise him of his right to petition for discretionary review *pro se.*

Appellate counsel filed an affidavit with the trial court. Counsel also filed his original notification letter sent to applicant informing him his conviction was affirmed on direct appeal. That letter did not inform Applicant of his right to file a pro se petition for discretionary review. Counsel does not assert in his affidavit that he ever personally informed applicant of his right to file a pro se petition for discretionary review.

The trial court has entered findings of fact and conclusions of law that appellate counsel did not render deficient performance. We disagree. We conclude appellate counsel failed to timely notify applicant of his right to petition for discretionary review *pro se. Ex parte Wilson,* 956 S.W.2d 25 (Tex.Crim.App.1997). We find, therefore, that applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Eighth Court of Appeals in Cause No. 08–96–00407–CR that affirmed his conviction in Case No. 960D02874–120–1 from the 120th Judicial District Court of El Paso County, Texas. Applicant shall file his petition for discretionary review with the Eighth Court of Appeals within 30 days of the date on which this Court's mandate issues.

COCHRAN, J., filed a concurring statement.

Applicant's conviction was affirmed by the El Paso Court of Appeals in early 1998. In mid–2006 this Court grants applicant an opportunity to file an out-of-time petition for discretionary review because his attorney failed to timely inform him of his right to file a *pro se* PDR. Eight years elapsed between the time applicant's conviction was affirmed and the time at which he may file a PDR. Normally, laches should bar any relief on this claim.

Here, however, applicant is not at fault. But someone in the El Paso County criminal justice system is. Applicant filed his application for habeas corpus relief eight months after his conviction for aggravated assault was affirmed. This Court received that application, along with the State's response and the trial court's findings, on July 12, 2006. One has to wonder what rabbit hole this writ fell into for almost eight years. Even Alice did not wander in Wonderland for such a long time. This delay is not acceptable. It is constitutionally intolerable.

If this were an isolated event, one might merely cringe at the single deplorable example of delayed justice. Unfortunately, this is not at all an isolated event, nor is it confined to this jurisdiction. Indeed, Judge Johnson commented on this very problem just five months ago. *See Ex parte Carlos Chavez,* No. WR–63,830–01, 207 S.W.3d 770, 2006 WL 931587, 2006 Tex.Crim.App. LEXIS 768 (Tex.Crim.App. April 12, 2006) (Johnson, J., concurring statement) (not designated for publication). She, joined by three other members of this Court, expressed her "concern with the occasional mishandling of writ applications," while acknowledging that "[i]n cases such as this one, it is difficult, if not impossible, to determine where the fault for the excessive delay lies." *Id.* at 770–771, 2006 WL 931587, at *1-2, 2006 Tex.Crim.App. LEXIS 768 at *1 & 3. In that case, Mr. Chavez had filed a writ application on July 16, 2001, but it was not transmitted to this Court until January 9, 2006—a delay of four and a half years. In

that case, as in the present one, the record "contains no information as to why the writ lay fallow for over four years." *Id.* at 771, 2006 WL 931587, at *2, 2006 Tex.Crim.App. LEXIS 768 at *5. This Court was required to dismiss Mr. Chavez's writ application because, after such a long period of time, his sentence had been discharged which made his time-credit claim moot. Judge Johnson concluded that "[f]our years of delay is egregious," especially when the Texas Constitution explicitly requires the Legislature to enact laws to render the remedy of habeas corpus relief "speedy and effectual." *Id.* at 771, 2006 WL 931587, at *2, & n. 3, 2006 Tex.Crim. App. LEXIS 768 at *5–6 & n. 3.

The unexplained delay in this case is close to double that in *Chavez* and the result is the same: a person has been denied his constitutional right to a "speedy" and "effectual" review of a habeas corpus claim that may ultimately have merit. But, "even if the claim were meritless, he, others like him, and their families [have] lost all regard for the court system[.]" *Id.* at 771, 2006 WL 931587, at *2, 2006 Tex.Crim.App. LEXIS 768 at *7.

Our Texas post-conviction habeas corpus statute provides for reasonable time limits in which the State may respond to a habeas corpus application,[1] courts may designate controverted fact issues,[2] hold hearings or otherwise gather the facts,[3] and then "immediately" transmit the habeas corpus record to this Court.[4] When this statute is followed faithfully, speedy and effectual relief may be granted on merito-

---

1. *See* TEX.CODE CRIM. PROC. art. 11.07, § 3(b) (State "shall answer the application not later than the 15th day after the date the copy of the application is received").

2. *See id.,* § 3(c) & (d) (convicting court may decide whether there are "controverted, previously unresolved facts material to the legality of the applicant's confinement" within 20

days after the expiration of the time in which the State is allowed to answer, and, if so, designate those issues to be resolved).

3. *See id.,* § 3(d).

4. *See id.*

rious claims and those claims without merit may be disposed of with equal dispatch. There is, under current law, no sanction for the failure to comply with the reasonable statutory time limits. But if our criminal justice system cannot do a better job in following the statute and ensuring that the Great Writ remains a "speedy and effectual" remedy for constitutional violations under current law, the Texas Legislature may find it necessary to do it for us.