IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00044-CR

 

Juan Anthony White,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-807-C2

 



MEMORANDUM  Opinion










 

        White pleaded guilty to robbery.  See
Tex. Penal Code Ann.
§ 29.02(a) (Vernon 2003). 
The State alleged prior felonies to increase White’s range of punishment.  See
id. § 12.42(b), (d) (Vernon Supp. 2007).  White elected that the trial
court assess White’s punishment.  White appeals his sentence.  White’s counsel
filed an Anders v. California Brief including a Motion to Withdraw as
Appellate Counsel.  See Anders v. California, 386 U.S. 738 (1967).  We affirm.

        Counsel informed White of his right to
file a brief, and White has filed a Reply to Appellate Counsel’s Motion to
Withdraw under Anders v. California.  The State has filed a Response to
Court’s Request for a Brief.[1]

        We must, “after a full examination of all
the proceedings, . . . decide whether the case is wholly frivolous.” 
Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11
(Tex. Crim. App. 1991); Coronado v. State, 996 S.W.2d 283, 285 (Tex.
App.—Waco 1999, order) (per curiam), disp. on merits, 25 S.W.3d 806
(Tex. App.—Waco 2000, pet. ref’d).  An appeal is “wholly frivolous” or “without
merit” when it “lacks any basis in law or fact.”  McCoy v. Court of Appeals,
486 U.S. 429, 439 n.10 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  Id. at 436.  An appeal is not wholly
frivolous when it is based on “arguable grounds.”  Stafford at 511.

        There are at least four “’educational
burdens’ that appellate counsel must shoulder whenever he files an Anders brief
and a motion to withdraw from appellate representation”:  

he
must provide his client with a copy of the brief and motion; inform his client
that he has the right to file a pro se brief;
. . . inform his client that he is entitled to review the
appellate record in preparation of such a pro se brief”;  

and “inform his client of his right to pursue a
petition for discretionary review in th[e] Court” of Criminal Appeals, “should
the court of appeals deny him relief on appeal.”  Meza v. State, 206
S.W.3d 684, 689 n.23 (Tex. Crim. App. 2006) (citing Johnson v. State, 885
S.W.2d 641 (Tex. App.—Waco 1994, pet. ref’d)); see Tex. R. App. P. 68.2(a); Ex parte
Owens, 206 S.W.3d 670, 674 n.28 (Tex. Crim. App. 2006); see also Ex
parte Florentino, 206 S.W.3d 124 (Tex. Crim. App. 2006) (per curiam); Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).  “Because the court
of appeals may agree that the appeal is frivolous and grant appellate counsel’s
motion to withdraw, appellate counsel should inform his client of the right to
pursue a petition for discretionary review while he is still appointed—ideally,
at the same time that he satisfies his other ‘educational burdens.’”  Meza at
689 n.23; see Owens at 674 n.28. 

        Counsel’s brief thoroughly reviews the
trial court’s admonishments to White before White’s guilty plea and the
voluntariness of White’s plea, as well as the legality of White’s sentence. 
Counsel’s brief also reviews the State’s compliance with the plea agreement,
the assistance rendered by White’s trial counsel, and the proof of the
punishment allegations.  Counsel concludes that the appeal is wholly frivolous.

        We have reviewed the record and have
independently determined that the appeal is wholly frivolous.[2]  Accordingly, we affirm, and grant counsel’s
motion to withdraw.

        White may request the Texas
Court of Criminal Appeals to review our decision by filing a petition for
discretionary review with this Court within 30 days after the date of this
opinion.  See Tex. R. App. P.
68.2(a).

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice
Reyna

Affirmed

Opinion
delivered and filed April 23, 2008

Do
not publish

[CRPM]









                [1] In
reliance on the holding in Bledsoe v. Texas, the State’s reply states,
“It is not appropriate for the State to respond to [White]’s reply in this
case.”  (State Reply at 1); see Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).





                [2] White
contends that his trial counsel failed to render the effective assistance of
counsel.  White argues that his trial counsel did not investigate and prepare a
mitigation defense, including expert testimony, concerning White’s use of
controlled substances.  We have paid particular attention to that issue as we
conducted our independent review of the record for arguable issues.  We found
nothing in the record showing either the reasons for trial counsel’s decision
or what evidence White could have presented to rebut the presumption of
effective assistance.  See U.S.
Const. amend. VI; Rompilla v. Beard, 545 U.S. 374 (2005); Yarborough
v. Gentry, 540 U.S. 1 (2003); Wiggins v. Smith, 539 U.S. 510 (2003);
Massaro v. United States, 538 U.S. 500 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Ellis, 233 S.W.3d 324
(Tex. Crim. App. 2007); Mata v. State, 226 S.W.2d 425 (Tex. Crim. App.
2007); Goodspeed v. State, 187 S.W.3d 390 (Tex. Crim. App. 2005); Salinas
v. State, 163 S.W.3d 734 (Tex. Crim. App. 2005); Rylander v. State, 101
S.W.3d 107 (Tex. Crim. App. 2003); Garcia v. State, 57 S.W.3d 436 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999); McNeil v. State, 174 S.W.3d 758 (Tex. App.—Waco 2005, no pet.).