IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,798-01






EX PARTE RONALD MANNING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 994363 IN THE 339TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
first-degree felony theft and was sentenced to 28 years' imprisonment plus a $10,000 fine. 
The Fourteenth Court of Appeals affirmed his conviction in an unpublished opinion.
Manning v. State, No. 14-05-01084-CR (Tex. App. - Houston [14th Dist.] del. Jul. 13, 2006). 

 Applicant complains in his habeas application, inter alia, that his appellate counsel
provided ineffective assistance. He asserts appellate counsel: failed to provide him with a
copy of the brief filed on direct appeal pursuant to Anders v. State of Cal., 386 U.S. 738, 744
(1967); failed to inform him of his right to file a pro se response in that appeal; failed to
inform him he could access a copy of the record on appeal to assist him in writing a response;
failed to provide him with a copy of the opinion; and failed to inform him concerning his
right to pursue, pro se, a Petition for Discretionary Review (PDR) from this Court. 

 An appellant must be given access to the record on appeal, if requested, after an
Anders brief is filed to assist in filing a pro se response for the appellate court to consider.
See Heiskell v. State, 522 S.W.2d 477, 477 (Tex. Crim. App.1975); Anders, 386 U.S. at 744.
Also, appellate counsel has a duty to timely inform an appellant of the appellate court's
decision, and of his right to pursue discretionary review on his own. Ex parte Crow, 180
S.W.3d 135 (Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim.
App.1997). Timely informing an applicant that his appeal had been affirmed without
informing him of his right to pursue a PDR on his own is not sufficient. Ex parte Florentino,
206 S.W.3d 124 (Tex. Crim. App. 2006). 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain an affidavit from Applicant's appellate counsel
responding to Applicant's claim of ineffective assistance of counsel. In this affidavit,
appellate counsel shall address the following matters: whether appellate counsel timely
provided Applicant with a copy of the Anders brief filed; whether he timely informed
Applicant of his right to file a pro se response; whether he timely informed Applicant of his
right to examine the appellate record to assist him in filing a pro se response; whether he
timely informed Applicant of the appellate court's decision; whether he provided Applicant
with a copy of the decision; and whether he timely informed Applicant of his right to pursue
a PDR from that decision on his own.

 In addition to obtaining the affidavit from appellate counsel, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve disputed factual
issues. In the appropriate case, the trial court may rely on its personal recollection. Id. If the
trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's appellate counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: January 11, 2012

Do not publish