IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,798-01






EX PARTE RONALD MANNING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 994363-A IN THE 339TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of first-degree felony
theft and was sentenced to 28 years' imprisonment plus a $10,000 fine. The Fourteenth Court of
Appeals affirmed his conviction in an unpublished opinion. Manning v. State, No. 14-05-01084-CR
(Tex. App.--Houston [14th Dist.] del. Jul. 13, 2006). 

 Applicant complains in his habeas application, inter alia, that his appellate counsel provided
ineffective assistance. He asserts appellate counsel: failed to provide him with a copy of the brief
filed on direct appeal pursuant to Anders v. State of Cal., 386 U.S. 738, 744 (1967); failed to inform
him of his right to file a pro se response in that appeal; failed to inform him he could access a copy
of the record on appeal to assist him in writing a response; failed to provide him with a copy of the
opinion; and failed to inform him concerning his right to pursue, pro se, a Petition for Discretionary
Review (PDR) from this Court.

 An appellant must be given access to the record on appeal, if requested, after an Anders brief
is filed to assist in filing a pro se response for the appellate court to consider. See Heiskell v. State,
522 S.W.2d 477, 477 (Tex. Crim. App.1975); Anders, 386 U.S. at 744. Also, appellate counsel has
a duty to timely inform an appellant of the appellate court's decision, and of his right to pursue
discretionary review on his own. Ex parte Crow, 180 S.W.3d 135 (Tex. Crim. App. 2005); Ex parte
Wilson, 956 S.W.2d 25 (Tex. Crim. App.1997). Timely informing an applicant that his appeal had
been affirmed without informing him of his right to pursue a PDR on his own is not sufficient. Ex
parte Florentino, 206 S.W.3d 124 (Tex. Crim. App. 2006).

 This writ application was previously remanded for an affidavit from appellate counsel. He
states in the affidavit provided that Applicant's file must have been destroyed in one of two floods
since the appellate court's decision in 2006. He also states that even though the file is missing that
it is his usual practice to provide a copy of the Ander's brief with an accompanying letter explaining
that a pro se response may be filed and that a copy of the record may be obtained from the appellate
court. He then states that the letter would also inform of the appellate court's decision, include a
copy of that decision, and inform that he no longer represented the client on appeal, including for
the filing of a PDR. However, it is not clear how counsel could have informed Applicant of the
appellate court decision and provide a copy of it because the appellate decision would not yet have
been delivered when the Ander's letter was to be mailed. Further, appellate counsel's affidavit does
not address whether his usual practice was to inform his appellate clients about their pro se PDR
rights or only was to inform them that he no longer represented them on appeal.

 Applicant, has provided a letter he says he obtained in the course of grievance proceedings
against appellate counsel several months before the filing of the writ application. This letter,
purportedly from appellate counsel to Applicant, informs Applicant of the filing of an Ander's brief
and of counsel's motion to withdraw, but Applicant claims he never received it in the mail. It appears
from an affidavit purportedly filed in the grievance proceeding that this letter is the only letter
counsel sent to Applicant, which is dated before the decision of the court of appeals and which does
not address the filing of a PDR. The State's prepared findings that were signed by the trial judge do
not address this letter or how it affects Applicant's claims, even though a copy of the letter is in the
trial court's supplement to this Court.

 The trial court shall supplement the writ record to this Court with mail logs from TDCJ, if
available, indicating whether Applicant received legal correspondence from appellate counsel from
the date on the letter provided by Applicant, which is May 14, 2006, to the date the PDR was due
on August 13, 2006. The trial court shall make new findings of fact and conclusions of law
addressing the following: whether appellate counsel provided Applicant with a copy of the brief filed
on direct appeal; whether appellate counsel informed Applicant of his right to file a pro se response
in that appeal; whether appellate counsel informed Applicant that he could access a copy of the
record on appeal to assist him in writing a response; whether appellate counsel provided Applicant
with a copy of the opinion; and whether appellate counsel informed Applicant concerning his right
to pursue, pro se, a PDR. 

 To resolve these disputed factual issues, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d), in addition to obtaining the mail logs, if available. In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the supplemental material discussed above and the supplemental findings of
fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court.


Filed: March 27, 2013

Do not publish