IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,202-01




EX PARTE JOEL RAMIREZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR20713-A IN THE 35TH DISTRICT COURT
FROM BROWN COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with
or fabricating physical evidence and sentenced to forty-five years’ imprisonment. The Eleventh
Court of Appeals affirmed the conviction. Ramirez v. State, 11-11-00077-CR (Tex. App.—Eastland
Feb. 7, 2013).
            Applicant contends that he was denied his right, through no fault of his own, to pursue a pro
se petition for discretionary review in this Court after his conviction was affirmed by the Eleventh
Court of Appeals. Appellate counsel has a duty to timely inform an appellant of the appellate court’s
decision and of his right to pursue discretionary review on his own. Ex parte Crow, 180 S.W.3d 135
(Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App.1997). Timely informing
an applicant that his appeal had been affirmed without informing him of his right to pursue a PDR
on his own is not sufficient. Ex parte Florentino, 206 S.W.3d 124 (Tex. Crim. App. 2006).
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order appellate counsel to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial
court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant’s
appellate counsel timely informed Applicant that his conviction had been affirmed and that
Applicant could pursue a pro se petition for discretionary review. The trial court may also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 7, 2014
Do not publish