

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-89,439-01

## EX PARTE RAYMOND OSCAR ROBLEDO, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W15-00555-W(A) IN THE 363RD DISTRICT COURT
## FROM DALLAS COUNTY

YEARY, J., filed a concurring and dissenting opinion in which WALKER, J., joined.

### CONCURRING AND DISSENTING OPINION

I agree with the Court that we should remand this case to the trial court to conduct additional fact-finding into why no notice of appeal was filed in this case. But I do not agree that this Court should limit the remand order to embrace only the conduct of Applicant's trial counsel. In my opinion, the trial court should also investigate whether appellate counsel (who is also habeas counsel) performed ineffectively.

I recognize that, if a defendant wishes to challenge his conviction, his trial counsel ordinarily has the responsibility to file a notice of appeal in the trial court. *Jones v. State*, 98

S.W.3d 700, 703 (Tex. Crim. App. 2003) ("Trial counsel's responsibilities consist of a two step process. . . . If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court."). For this reason, trial counsel's failure to file a notice of appeal, and thus effectuate a defendant's desire to appeal a conviction, may be grounds for a claim of ineffective assistance of counsel. *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). But while trial counsel undoubtedly has a responsibility to file a notice of appeal when his client desires an appeal, can appellate counsel also possibly render ineffective assistance by failing to file a notice of appeal? Of course he can!

## BACKGROUND

A jury found Applicant guilty of capital murder. The trial court pronounced Applicant's sentence at life in prison without parole on January 28, 2016, which initiated a thirty-day window within which Applicant could file a notice of appeal if he wished to appeal his conviction. TEX. R. APP. P. 26.2(a)(1). On February 9, 2016, the trial court appointed appellate counsel to assist Applicant with his appeal. The next day, February 10, 2016, Applicant's trial counsel filed a motion for new trial, which extended the deadline for filing a notice of appeal to ninety days from January 28, 2016 (the day that Applicant was sentenced in open court). TEX. R. APP. P. 26.2(a)(2). On February 12, 2016, newly appointed appellate counsel requested the preparation of the Reporter's and Clerk's Records. TEX. R. APP. P. 34.5 & 34.6. Notwithstanding this activity, neither Applicant's trial counsel nor his appellate counsel ever filed a notice of appeal in Applicant's case. As a result, the deadline

for Applicant to file his notice of appeal expired on April 27, 2016 without Applicant making the required filing.

On November 8, 2018, Applicant filed the instant application for the writ of habeas corpus. As for the facts supporting his ineffective assistance of counsel claim, Applicant stated: "I wanted to appeal this case but my attorney never filed a notice of appeal and thus I did not get an appeal. I thought my attorneys would handle this but it was not filed." In a sworn affidavit, Applicant's appellate (and habeas) counsel states that he frequently practices in the convicting court, and it has "always been the practice in [that] court and in many others that in appointed cases . . . the trial attorney files a motion for new trial and a notice of appeal." Appellate counsel claims that when he has been the one to file a notice of appeal it has caused "confusion in the clerk's office[.]" In this case, trial counsel filed a motion for new trial, so appellate counsel claims he assumed that trial counsel would have also filed the notice of appeal. Further, appellate counsel claims that Applicant told him that he intended to hire a "free world lawyer" (retained counsel) to handle the appeal. Notwithstanding this assertion regarding Applicant's intent to retain counsel, appellate counsel was never removed from Applicant's case. Appellate counsel thus claims that he believed the next step in the case would either be for the court of appeals to send him notice that the docketing statement was due, or that he would be relieved of his representation when a new attorney made an appearance for Applicant. These are some of the reasons, according to appellate counsel, why he did not file a notice of appeal in Applicant's case.

## ANALYSIS

I recognize that this Court has said that, if a defendant desires to pursue an appeal, trial counsel is responsible for filing a notice of appeal in the trial court following a conviction. *See Axel*, 757 S.W.2d at 374 ("We also hold that trial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgement rendered by the court, his right to appeal from that judgment, [and] the necessity of giving notice of appeal and taking other steps to pursue an appeal[.]"). We fortified that proposition in *Jones*. There, we said that "appellant's trial attorney failed to perform his responsibilities under *Axel* when he did not . . . file a pro se written notice of appeal with [his] motion to withdraw." *Jones*, 98 S.W.3d at 703; *see also Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004) ("Retained trial counsel has a duty to ensure that a notice of appeal is filed if the defendant wishes to appeal."). But does this mean that an appellate counsel in a criminal case never has a duty to make sure that a notice of appeal is filed?

In *Ex parte Smith*, 444 S.W.3d 661 (Tex Crim. App. 2014), the applicant filed a post-conviction application for a writ of habeas corpus claiming that he was denied his right to appeal and that his appellate counsel was ineffective for failing to file a notice of appeal. *Id.* at 663–64. While we ultimately denied the application under the doctrine of laches,[1] the

---

[1] *See Ex parte Smith*, NO. WR–79,465–01, 2015 WL 4747204, at *1 (Tex. Crim. App. June 24, 2015 (per curiam) (not designated for publication) (denying relief on the basis of laches).

posture in *Smith* suggests that we did not rule out the possibility that appellate counsel should at least ensure that a notice of appeal is filed at some point before the deadline to make such a filing. Indeed, the habeas judge in *Smith* "found that appellate counsel failed to invoke the court of appeals' jurisdiction. The [habeas] judge concluded that Smith received ineffective assistance of appellate counsel and recommended that Smith be permitted to file an out-of-time appeal." *Id.* at 664. While we never reached the merits of the application in *Smith*, the case suggests that there could be a situation in which appellate counsel should have ensured—but failed to ensure—that a notice of appeal was timely filed.

If it is generally trial counsel's duty to file a notice of appeal, then under what circumstances, if any, does appellate counsel have an obligation to ensure that a notice of appeal is actually filed? In this case, appellate counsel was appointed on February 9, 2016. At the time he was appointed, the deadline for filing a notice of appeal in Applicant's case was twenty-one days away—February 29, 2016. But one day after appellate counsel's appointment, Applicant's trial counsel filed a motion for new trial, extending the deadline for filing the notice of appeal to April 27, 2016. Consequently, there were seventy-nine days—from February 9 (the day that appellate counsel was appointed) to April 27 (the ultimate deadline for filing a notice of appeal)—during which time Applicant's appellate counsel could have monitored the clerk's record in this case to see if trial counsel filed a notice of appeal. As the April 27 deadline to file a notice of appeal approached, appellate counsel could have contacted trial counsel to inquire as to if and when trial counsel intended

to file a notice of appeal, and if appellate counsel received an unsatisfactory response, appellate counsel could have then filed the notice of appeal himself.

This does not mean, necessarily, that appellate counsel was ineffective for not filing a notice of appeal in Applicant's case. The trial court could very well find that appellate counsel's failure to file a notice of appeal was excusable—there might be a reasonable explanation for why no notice of appeal was filed in Applicant's case. Perhaps, for example, trial counsel told appellate counsel that trial counsel had filed the notice of appeal. There is at least a possibility, however, that appellate counsel contributed to the failure to file a notice of appeal. This is why, in my opinion, the Court should not tie the trial court's hands in assessing who is responsible for the missing notice of appeal in this case. Instead, our order should instruct the trial court to conduct additional fact-finding into whether appellate counsel, trial counsel, or both appellate counsel and trial counsel performed ineffectively in failing to file a notice of appeal.

With these thoughts, I respectfully concur in the Court's decision to remand, but I respectfully dissent to the Court's limitation on the trial court's ability to investigate whether any attorney who represented Applicant might have provided ineffective assistance.

FILED:        March 20, 2019
PUBLISH