

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,439-01

### EX PARTE RAYMOND OSCAR ROBLEDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W15-0555-W(A) IN THE 363RD DISTRICT COURT
### FROM DALLAS COUNTY

YEARY, J., filed a concurring opinion.

### <u>CONCURRING OPINION</u>

Today the Court grants Applicant relief in the form of an opinion permitting him to file an out-of-time notice of appeal because there was a "breakdown in the system." *Ex Parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). This alleged breakdown occurred because trial counsel filed a timely notice of appeal, but that notice did not appear on the trial court's database. I agree with the Court that we should grant Applicant his requested relief, but I believe this Court should have ordered the trial court to make findings of fact as to whether appellate counsel was ineffective for failing to file a notice of appeal—as I stated earlier in

my concurring and dissenting opinion to this Court's initial remand order. *Ex Parte Robledo*, 570 S.W.3d 714 (Tex. Crim. App. 2019) (Yeary, J., concurring and dissenting).

## I. Background

The trial court pronounced Applicant's sentence at life in prison without parole on January 28, 2016. Trial counsel filed a timely notice of appeal on February 9, 2016. Appellate counsel was appointed on that same day. Trial counsel then filed a motion for a new trial on February 10, 2016, which extended the deadline for filing a notice of appeal to ninety days from January 28, 2016. TEX. R. APP. P. 26.2(a)(2). Even though trial counsel timely filed a notice of appeal and even extended the time for filing a notice of appeal by filing a motion for new trial—thus satisfying his obligations to Applicant—the notice of appeal did not appear in the trial court's database.

After the deadline for Applicant to file a notice of appeal passed, Applicant filed an application for post-conviction habeas corpus relief to file an out-of-time notice of appeal. We remanded the application to the trial court to "make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because *trial counsel* failed to timely file a notice of appeal." (emphasis added). At that time I urged the Court, to no avail, to also order the trial court to make findings as to whether appellate counsel's performance was deficient. *Robledo*, 570 S.W.3d 714. The trial court has now returned its findings to this Court. The trial court finds that, in fact, a timely notice of appeal was filed in this case, but was not scanned into ONBASE, the system used by the District

Clerk to scan documents filed in the criminal trial courts in Dallas County. The court further found that a paper copy of the notice of appeal could not be located by the court clerks. Finally, the trial court recommended that we grant Applicant's request for an out-of-time notice of appeal, because Applicant, through no fault of his own, was denied his right to an appeal. This Court then concluded that there has been a "breakdown in the system."

## II. Analysis

It is true that trial counsel is responsible for filing a notice of appeal when the defendant expresses a desire to pursue such an appeal. *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). But that rule should not be read to mean that appellate counsel can never render ineffective assistance of counsel by failing to ensure that the court of appeals attains jurisdiction over a case. In fact, we have held in other instances that appellate counsel can be ineffective for failing to meet certain deadlines.[1] And the trial court suggested just that in its findings of fact following this Court's remand: "had [appellate counsel] calendared this matter and assured the notice of appeal was filed in the trial court and the court of appeals, the original paper copy of the notice of appeal might have been able to be located in 2016 and the appeal could have proceeded in a timely manner."

Applicant was represented by appellate counsel for nearly seventy-eight days before

---

[1] *See Ward v. State*, 740 S.W.2d 794 (Tex. Crim. App. 1987) (relief granted where counsel failed to timely designate the record resulting in omission of the statement of facts); *see also Ex Parte Florentino*, 206 S.W.3d 124 (Tex. Crim. App. 2006) (finding appellate counsel's performance deficient for failing to timely advise Applicant of his right to petition for discretionary review *pro se*).

the deadline to file a notice of appeal expired. The trial court very well could have, and arguably should have, recommended that this Court grant applicant relief on the basis that appellate counsel rendered ineffective assistance by failing to locate the previously filed notice of appeal and bringing it to the attention of the appellate court. But this Court tied the trial court's hands on remand and only allowed it to determine whether trial counsel was ineffective—which he was not. And as I suspected might have been the case, appellate counsel's performance was likely deficient and the cause-in-fact of appellant not getting the timely appeal he wanted.

In *Ex Parte Riley*, we granted Applicant relief based on a "breakdown in the system" because of the "unusual circumstances in [that] case." 193 S.W.3d at 902. It is unusual that Applicant's notice of appeal did not appear in the trial court's database, but the *Riley* decision does not stand for the proposition that this Court may ignore counsel's potentially deficient performance any time something unusual happens. Applicants's only ground for review in this case is an allegation of ineffective assistance of both trial and appellate counsel. Because Applicant seeks relief based on ineffective assistance of counsel, I would at least explore to the fullest extent whether relief ought to be predicated on that ground before granting relief based on a *Riley* claim.

By granting *Riley* relief in this case the Court sets a precedent that will allow it to avoid finding any counsel ineffective for failing to properly vest jurisdiction in an appellate court so long as counsel can muster some excuse for failing to do so. *Riley* has now become

an excuse for refusing to hold counsel accountable when they fail to perform effectively, and vests near total discretion in this Court to either hold counsel accountable or not. When the record of a case alleging ineffective assistance of counsel demonstrates that an attorney has performed ineffectively on behalf of his client, and especially where *Riley* relief has not been requested, this Court should not resort to *Riley* to protect counsel who has failed to do his job.[2]

With these thoughts, I agree that Applicant should be granted relief. I only concur, however, because I would permit Applicant to file a substituted notice of appeal and to pursue the appeal of his conviction. He should have no need to file an *out-of-time* appeal because his original notice of appeal was timely filed. I also cannot join the Court's opinion because I believe the Court should have addressed whether appellate counsel rendered ineffective assistance of counsel for failing to ensure that the timely filed notice of appeal in this case was properly brought to the attention of the court of appeals.

FILED:      January 29, 2020
PUBLISH

---

[2] *See Ex Parte Riley*, 193 S.W.3d at 902, 903 (Cochran, J., concurring, joined by Womack, J., agreeing with the Court that Riley was entitled to relief, but expressing the view that his "attorney was, in fact, constitutionally ineffective in failing to protect his clients right to timely file a petition for discretionary review" and explaining "I can think of no plausible reason or strategic rationale for applicant's attorney's failure. . .").