

# Fourth Court of Appeals
## San Antonio, Texas

March 22, 2021

No. 04-21-00060-CR

Pedro **JIMENEZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR8610
Honorable Frank J. Castro, Judge Presiding

# O R D E R

On November 4, 2019, in related plea bargain cases, the trial court sentenced Pedro Jimenez in accordance with the plea agreements. On November 6, 2019, Jimenez filed notices of appeal. On January 7, 2020, this court ordered Jimenez to show cause why his cases should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 25.2(a)(2). Jimenez filed no response, and on March 4, 2020, this court dismissed Jimenez's appeals for want of jurisdiction because he had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Jimenez v. State*, No. 04-19-00802-CR, 2020 WL 1036432, at \*1 (Tex. App.—San Antonio Mar. 4, 2020, no pet.) (mem. op., not designated for publication); *Jimenez v. State*, No. 04-19-00803-CR, 2020 WL 1036435, at \*1 (Tex. App.—San Antonio Mar. 4, 2020, no pet.) (mem. op., not designated for publication). The mandates in each appeal issued on August 19, 2020.

On January 14, 2021, Appellant filed notices of appeal with the trial court, noting inadequate counsel, bias against the client, and breach of the plea agreement. However, the appeal is untimely, and Appellant's right-of-appeal status has not changed.

In general, out-of-time complaints of ineffective assistance of counsel must be referred to the Court of Criminal Appeals to obtain permission to pursue an out-of-time appeal. *See, e.g., Ex parte Florentino*, 206 S.W.3d 124, 125 (Tex. Crim. App. 2006); *see also Fontenot v. State*, No. 01-91-00910-CR, 1991 WL 235320, at \*1 (Tex. App.—Houston [1st Dist.] Nov. 14, 1991, no pet.) (mem. op.) (citing *Ex parte Dietzman*, 790 S.W.2d 305, 307 (Tex. Crim. App. 1990)).

Without permission from the Court of Criminal Appeals, this court lacks jurisdiction to consider an out-of-time case. *See Fontenot*, 1991 WL 235320, at *1 (citing *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988)); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet.) (mem. op.) (citing *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)).

Therefore, we ORDER Appellant to SHOW CAUSE in writing within ten days of the date of this order why these appeals should not be dismissed for want of jurisdiction. If Appellant fails to show cause within the time provided, the appeals will be dismissed. *See* Tex. R. App. P. 43.2(f).

All other appellate deadlines in this matter are suspended until further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of March, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court