# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO.  03-21-00198-CR

**Ex parte Gary Griffin**

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. CR-14-0432-A-WHC2, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O P I N I O N

We withdraw our previous opinion and judgment issued on December 8, 2023, and substitute the following opinion and judgment in their place.  We overrule the motion for rehearing.

Appellant Gary Lee Griffin appeals from the trial court's denial of his application for writ of habeas corpus, in which he sought an out-of-time appeal from the denial of a prior application.  *See* Tex. Code Crim. Proc. art. 11.072.  We will affirm the trial court's order.

## BACKGROUND

Griffin was convicted by a jury of assault on a public servant and sentenced to two years' confinement and a $2,500 fine by the trial court, which suspended imposition of the sentence and placed him on community supervision for four years.  *See* Tex. Penal Code § 22.01(b)(1).  His conviction was affirmed in a decision of this Court.  *See Griffin v. State*,

No. 03-15-00398-CR, 2017 WL 2229869, at *9 (Tex. App.—Austin May 19, 2017, pet. ref'd) (mem. op., not designated for publication).

On August 31, 2020, he filed an article 11.072 habeas application, claiming that his trial counsel provided ineffective assistance. The application was denied by the trial court on October 20, 2020. In sworn affidavits filed with the court, Griffin and his habeas counsel attested that they were not provided notice of the denial and only learned of the court's ruling when counsel called the trial court clerk's office on December 14, 2020. An email from the clerk's office to the State, in which a deputy clerk stated that the trial court's order was uploaded to the clerk's online case files but not sent out, appears to confirm the clerk's office's failure to notify Griffin as required by statute. *See* Tex. Code Crim. Proc. art. 11.072, § 7(b) (providing that trial court clerk must, at time order is entered, send copy of order to applicant and State "immediately").

Griffin filed a second 11.072 application on March 16, 2021—93 days after receiving actual notice of the trial court's denial of the first application. In the second application, he reraised his ineffective-assistance claim and newly contended that his right to due process would be violated unless the trial court allowed "an out-of-time appeal of [its] order on the first writ." The trial court denied the second application without a hearing, and this appeal followed.

We abated the appeal to allow the trial court to clarify the nature of its order denying Griffin's second application. *See Ex parte Griffin*, No. 03-21-00198-CR, 2023 WL 2837487, at *3 (Tex. App.—Austin Apr. 7, 2023, no pet.) (mem. op., not designated for publication). A supplemental clerk's record was filed in this Court containing an amended

order denying the application as frivolous and determining from its face that Griffin was manifestly entitled to no relief. *See* Tex. Code Crim. Proc. art. 11.072, § 7(a).

**DISCUSSION**

In his remaining issue, Griffin contends that the trial court erred by denying his request for an out-of-time appeal.[1] Citing a case from our sister court, *Ex parte Salim*, he argues that because he did not receive notice of the trial court's ruling until after the statutory deadline for filing a notice of appeal, "Due Process is violated unless an out-of-time appeal is allowed." *See* 595 S.W.3d 844, 854 (Tex. App.—Fort Worth 2020, no pet.).

The writ of habeas corpus is an extraordinary remedy and is therefore available only when there is no other adequate remedy at law. *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994); *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. art. 11.072, § 1; *see Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008). Under the statute, a person who is serving or who has completed a term of community supervision may file a habeas application attacking the "legal validity" of (1) the conviction for which or order in which community supervision was imposed or (2) the conditions of community supervision. Tex. Code Crim. Proc. art. 11.072, § 2; *Ex parte Villanueva*, 252 S.W.3d at 395. An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence.

---

[1] We disposed of Griffin's other issue in a prior decision. *See Ex parte Griffin*, No. 03-21-00198-CR, 2023 WL 2837487, at *3 (Tex. App.—Austin Apr. 7, 2023, no pet.) (mem. op., not designated for publication).

*Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016); *see Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd) (observing that "the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief").

In a post-conviction proceeding pursuant to article 11.072, we review de novo the trial court's resolution of pure questions of law and of mixed questions of law and fact that do not turn on witness credibility or demeanor. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017) (citing *Absalon v. State*, 460 S.W.3d 158, 162 (Tex. Crim. App. 2015)); *see Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.—San Antonio 2013, no pet.) ("[I]f the court's application of the law to the facts does not rest on factual findings, it is afforded no deference and we review de novo."). Because the facts in this case are undisputed, and Griffin's issue implicates a mixed question of law and fact that does not turn on witness credibility, we will review the issue de novo. We will uphold the trial court's ruling if it is correct under any theory of applicable law. *Ex parte Beck*, 541 S.W.3d at 852; *see Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013); *Ex parte Morales*, No. 03-19-00523-CR, 2021 WL 3233862, at *2 (Tex. App.—Austin July 30, 2021, no pet.) (mem. op., not designated for publication).

The Court of Criminal Appeals has held that a trial court that otherwise has habeas authority may grant an out-of-time appeal from a judgment of conviction, *Rodriguez v. Court of Appeals, Eighth Supreme Jud. Dist.*, 769 S.W.2d 554, 558–59 (Tex. Crim. App. 1989); *see also Ex parte Valdez*, 489 S.W.3d 462, 465 (Tex. Crim. App. 2016) (observing "no relevant distinction between a request for an out-of-time appeal and a request for an out-of-time PDR [petition for discretionary review]"), and we have concluded that an article 11.072 habeas application is an appropriate vehicle through which to seek such a remedy, *Ex parte McCarty*, No. 03-14-00575-CR, 2015 WL 2089091, at *3–4 (Tex. App.—Austin Apr. 29, 2015, no pet.)

4

(mem. op., not designated for publication) (listing supporting cases). However, neither we nor the Court of Criminal Appeals appears to have considered whether, or under what circumstances, a habeas court should grant an out-of-time appeal from the denial of a prior habeas application, including one filed pursuant to article 11.072.

We therefore analogize the present case to those from the direct-appeal context. Decisions from the Court of Criminal Appeals and our sister courts reflect two means by which a habeas applicant can show entitlement to an out-of-time appeal from a conviction. First, the applicant may be entitled to an out-of-time appeal where he presents a meritorious claim that his counsel's ineffective assistance deprived him of meaningful appellate review. *See, e.g.*, *Ex parte Florentino*, 206 S.W.3d 124, 125 (Tex. Crim. App. 2006) (determining that applicant was entitled to opportunity to file out-of-time PDR because appellate counsel rendered deficient performance by failing to timely notify applicant of his right to petition for discretionary review pro se); *Ex parte Coy*, 909 S.W.2d 927, 927 (Tex. Crim. App. 1995) (concluding that applicant was entitled to out-of-time appeal because of appellate counsel's ineffective assistance in failing to file designation of record); *Ex parte Axel*, 757 S.W.2d 369, 374–75 (Tex. Crim. App. 1988) (finding that applicant received ineffective assistance of counsel because trial counsel did not assist him in giving notice of appeal and that, therefore, applicant was entitled to out-of-time appeal); *Ex parte McPherson*, No. 06-20-00092-CR, 2022 WL 107108, at *18 (Tex. App.—Texarkana Jan. 12, 2022, no pet.) (mem. op., not designated for publication) (stating that "[b]ecause appellate counsel was ineffective, [applicant] is entitled to an out-of-time appeal of his judgment of conviction"); *Sterling v. State*, 681 S.W.2d 680, 682 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd) (noting that appellant was afforded out-of-time appeal because trial court concluded that he had shown in habeas application that appellate counsel was ineffective).

5

Second, a habeas applicant may obtain an out-of-time appeal from a conviction where his failure to file a timely notice of appeal was not caused by him or his attorney but resulted from "a breakdown in the system." *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). In *Riley*, the applicant's attorney did not receive a copy of the memorandum opinion affirming the applicant's conviction, which had been mailed by the appellate court clerk. *Id.* at 901. By the time the applicant learned that his conviction had been upheld and expressed a desire to file a PDR, the filing deadline had passed. *Id.* He instead filed an application for writ of habeas corpus requesting leave to file an out-of-time PDR. *Id.* With the application, his attorney filed an affidavit claiming that he was ineffective through no fault of his own because he did not have notice of the court's decision. *Id.* The Court of Criminal Appeals held that because of the "unusual circumstances" of the case, it would allow the applicant to file an out-of-time PDR without a determination that his attorney had rendered ineffective assistance because "there was a breakdown in the system." *Id.* at 902. However, the Court stressed the narrowness of its ruling and emphasized that for an applicant to be entitled to an out-of-time appeal, it was essential that his attorney not be dilatory:

> [T]his is not an opening for careless attorneys to disregard deadlines and blame it on the U.S. Postal Service. There are now procedures available to attorneys to reduce the chances that this type of breakdown will occur. CaseMail and opinion tracking are online tools offered by the courts to alert an attorney by electronic mail immediately when a case is handed down, alleviating the delay resulting from regular mail. Thanks to technology, attorneys no longer have the excuse that they didn't know when their client's case was decided. While occasionally there may be situations similar to the one before us, the incidents are infrequent and can be handled on a case by case basis rather than requiring a modification of our procedures.
>
> Just to make it clear, we are not removing from attorneys the responsibility of informing their clients about court decisions affecting their case. Normally, when an appellant is not informed of the decision of the court of appeals by his attorney

in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel.

*Id.*

*Riley*'s unpublished progeny[2] and decisions from our sister courts reinforce the premise that *Riley*'s holding does not allow for out-of-time appeals when an applicant or his counsel bears some responsibility for an untimely filing. *See Ex parte Pope*, No. 14-15-00740-CR, 2016 WL 3461604, at *2 (Tex. App.—Houston [14th Dist.] June 23, 2016, no pet.) (mem. op., not designated for publication) (noting that applicant's reliance on *Riley* and one of its descendants was misplaced because "[i]n those cases, . . . the failure to file a timely notice of appeal was not caused by the applicant or counsel, but by a breakdown in the system"); *but see Ex parte Pena*, No. 08-12-00188-CR, 2014 WL 3408423, at *2 (Tex. App.—El Paso July 11, 2014, no pet.) (mem. op., not designated for publication) ("When an applicant has passed the deadline for filing an appeal through no fault of his own but because of a breakdown in the system, such as failure of counsel to file a notice of appeal, he may be entitled to an out-of-time appeal.").

Griffin is not entitled to habeas relief under either basis for obtaining an out-of-time appeal. *See Ex parte Ali*, 368 S.W.3d at 830. He does not allege that his habeas counsel was ineffective for waiting 93 days after receiving notice of the trial court's decision to file a second application requesting an out-of-time appeal. *See Ex parte Axel*, 757 S.W.2d at 374. Thus, we may not grant him relief on that basis. *See Ex parte Pope*, 2016 WL 3461604, at

---

[2] Unpublished opinions from the Court of Criminal Appeals have no precedential value and must not be cited as authority by a court. Tex. R. App. P. 77.3.

*3 ("Because [applicant] did not raise a claim of ineffective assistance of counsel in the trial court, we may not grant him relief on that basis.").

Regarding Griffin's eligibility for relief under *Riley*, this appears to be a case of first impression. Neither *Riley* nor subsequent decisions address the present circumstances, in which a systemic breakdown led to an applicant's not receiving actual notice of a ruling until *after* the statutory period to appeal had run, and counsel waited over three months after receiving that notice to request an out-of-time appeal without offering any explanation for his delay. [3]

Habeas corpus is an extraordinary remedy, and, because of the "unique nature" of the remedy, "habeas corpus relief is underscored by elements of fairness and equity." *Ex parte Drake*, 883 S.W.2d at 215; *see Ex parte Smith*, 444 S.W.3d at 665 ("On balance, the modern writ of habeas corpus remains true to its ancient origins with its focus on fairness."). "To determine whether equitable relief should be granted then, it behooves a court to determine whether an applicant has slept on his rights and, if he has, whether it is fair and just to grant him the relief he seeks." *Ex parte Smith*, 444 S.W.3d at 666. The Court of Criminal Appeals has recognized "[t]he concept that delay in seeking relief may, in certain instances, adversely affect an applicant's request for habeas corpus relief." *Id.* at 665.

Relatedly, the Court in *Riley*—in emphasizing the importance of counsel's alacrity and diligence—rejected the applicant's suggested focus on whether he was denied the right to appeal through no fault of his own. *Ex parte Riley*, 193 S.W.3d at 901. To the contrary, the Court insisted that the question of the applicant's entitlement to an out-of-time appeal must also encompass "why (i.e., ineffective assistance of counsel) he was denied the right." *Id.* The

---

[3] The record is silent as to when habeas counsel informed Griffin of the denial. Griffin's affidavit, in which he avers that counsel informed him of the trial court's decision, was sworn to on January 11, 2021, 65 days before the second application was filed.

8

Court explained that it did not "not want to open the door for attorneys to become remiss in informing clients of their rights to appeal" or "to place on the courts of appeals the responsibility for informing appellants of their decisions." *Id.* In recognition of habeas relief's foundation in equity and fairness and the Court's concern that attorneys not succumb to delay or inattention to their client's interests, the Court has stressed that, in requesting an out-of-time appeal, "the applicant will ordinarily have to introduce some additional evidence not contained in the trial or appellate record of the case—explaining what happened to prevent the timely filing of an appeal or PDR—and the habeas court will have to pass on the credibility of such evidence." *Ex parte Valdez*, 489 S.W.3d 462, 465 (Tex. Crim. App. 2016)

Here, however, counsel merely points to the clerk's office's failure to provide notice of the first habeas application's denial and offers no explanation for the 93-day delay from his receipt of that notice to his filing the second application and requesting an out-of-time appeal. Indeed, in his motion for rehearing, counsel proposes:

> it does not matter whether trial counsel slumbered on his client's rights, was merely lazy or whether it took him three months to recover from a life-threatening illness or injury before he could physically prepare and file a writ seeking an out-of-time appeal. That time period has nothing to do with whether Mr. Griffin was deprived of his right to appeal and is wholly irrelevant to the clerk's failure to ensure notice.

Although counsel is correct that there is no statutory deadline for requesting an out-of-time appeal from the denial of an article 11.072 habeas application, his disregard for his delay following the receipt of notice flies in the face of the nature of habeas relief and the *Riley* Court's emphatic admonitions to assiduity. Were counsel's understanding of *Riley*'s implication correct, then as long as a systemic breakdown is sufficiently protracted to cover the expiration of a statutory appellate deadline, any subsequent delay would be excused. Yet as Judge Yeary has

9

acknowledged, "[T]he *Riley* decision does not stand for the proposition that [a reviewing court] may ignore counsel's potentially deficient performance any time something unusual happens." *Ex parte Robledo*, 592 S.W.3d 905, 905–06 (Tex. Crim. App. 2020) (Yeary, J., concurring). Under the facts of this case, Griffin has failed to show that he was entitled to an out-of-time appeal as a matter of due process in light of his attorney's 93-day delay in requesting the out-of-time appeal without the barest reason given for the delay.

The dissent recognizes that we do not offer "guidelines" as to what would have been an acceptable length of, or justification for, the delay in this case and that we do not address which remedies Griffin should have pursued instead or whether a third habeas application alleging ineffective assistance would be barred by article 11.072's prohibition against subsequent writs. *See* Tex. Code Crim. Proc. art. 11.072, § 9. "Texas courts are not empowered to give advisory opinions," and our narrow holding is limited to what is necessary to address Griffin's issue. *See Petetan v. State*, 622 S.W.3d 321, 334 (Tex. Crim. App. 2021). Because he asserts only that he was entitled to an unqualified delay after the system breakdown exceeded the statutory deadline to appeal, we need not—and should not—go beyond holding that he was not. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down opinions that are "as brief as possible" and that address only raised issues "necessary to final disposition of the appeal"); *Tong v. State*, 25 S.W.3d 707, 711 (Tex. Crim. App. 2000) (explaining that reasoning that is not necessary to disposition of case is dicta).

The sole authority to which Griffin cites in support of his claim, *Ex parte Salim*, is readily distinguishable. Salim's initial habeas attorney filed an article 11.07 application for writ of habeas corpus—which the trial court treated as an article 11.072 application—arguing that Salim's guilty plea had been involuntary and unknowing and that his trial counsel had been

10

ineffective. *Ex parte Salim*, 595 S.W.3d at 846. The trial court denied the application, but counsel failed to notify Salim about the appealable order and instead erroneously informed him that the application would be sent to the Court of Criminal Appeals for disposition. *Id.* at 850. In a second article 11.072 application, filed by a different attorney, Salim argued that the later application was not barred by article 11.072's subsequent-writ rule and that he had been deprived of his right to appeal the original application because of his first habeas counsel's error. *Id.* at 851. The trial court found that Salim had failed to overcome the subsequent-writ bar with respect to the second application but granted him an out-of-time appeal of the first. *Id.* at 852–53.

On appeal, Salim contended that the trial court abused its discretion by barring the second application as a subsequent writ; that it should have considered the second application on its merits instead of granting an out-of-time appeal on the first; and alternatively, that it abused its discretion by denying relief on the first application. *Id.* at 853. The court of appeals emphasized the trial court's timely consideration and denial of the first application and stated that the "only arguable gap in due process . . . was the absence of an appeal of that denial," which, the court found, was "permissibly closed" by the trial court's granting an out-of-time appeal in the interest of justice. *Id.* (citing *Ex parte Riley*, 193 S.W.3d at 902; *Ex parte Axel*, 757 S.W.2d at 374).

Conversely, in Griffin's second application—which was filed by the same attorney who filed the first—he expressly requested an out-of-time appeal, the very relief opposed by Salim, and did not assert that his right to appeal had been denied by deficient representation. Moreover, instead of allowing Griffin an out-of-time appeal, the trial court in its

initial order denying his second application pointed to counsel's long delay after learning of the court's ruling:

> The Court finds that there are not any controverted, previously unresolved facts material to the legality of the Applicant's confinement, or that due process was violated by not receiving a certified copy or encrypted email of the order in CR-14-0432-WHC1 since Applicant had notice of the decision on December 14, 2020 and failed to file a motion for an out-of-time appeal within thirty days of having notice.

Consequently, *Salim* does not support Griffin's claim that "Due Process is violated unless an out-of-time appeal is allowed." We overrule his only issue.

## CONCLUSION

Having overruled Griffin's sole issue, we affirm the trial court's order.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith
  Dissenting Opinion by Justice Triana

Affirmed on Motion for Rehearing

Filed:  July 12, 2024

Publish

12